IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 6 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00964-BNB

SONNY LEE,

      Applicant,

v.

STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Sonny Lee, initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Lee is challenging the validity of his conviction in Mesa County District Court case number 01CR422. The court must construe the application liberally because Mr. Lee is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Lee will be ordered to file an amended application if he wishes to pursue his claims in this action.

The court has reviewed the application and finds that it is deficient because Mr. Lee fails to identify the specific constitutional right that allegedly has been violated with respect to each of the four claims he asserts in the application. Mr. Lee alleges in each claim that the trial court erred and he provides a brief explanation of the trial court errors being challenged, but it is not clear what specific constitutional provision allegedly

was violated in connection with each asserted trial court error. Mr. Lee is advised that 28 U.S.C. § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Lee must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. See *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. See *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

In order to avoid any misidentification of his claims, Mr. Lee will be directed to file an amended application that clarifies the specific constitutional right that allegedly was violated with respect to each asserted claim. Accordingly, it is

ORDERED that Mr. Lee file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Lee, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Lee fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED May 6, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00964-BNB

Sonny Lee
Prisoner No. 110688
Arkansas Valley Correctional Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 forms** to the above-named individuals on May 6, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk