IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00964-BNB

SONNY LEE,

        Applicant,

v.

STEVE HARTLEY, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

        Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Sonny Lee, is a prisoner in the custody of the Colorado Department of

Corrections at the Arkansas Valley Correctional Facility in Crowley, Colorado.  Mr. Lee

initiated this action by filing ***pro se*** an application for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 (Doc. #1).  On July 8, 2011, Mr. Lee filed an amended application for

a writ of habeas corpus (Doc. #8).  On August 15, 2011, he filed a second amended

application for a writ of habeas corpus (Doc. #11).  Mr. Lee is challenging the validity of

his conviction in Mesa County District Court case number 01CR422.[1]

On August 17, 2011, Magistrate Judge Craig B. Shaffer ordered Respondents to

file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28

---

[1]Mr. Lee originally was charged in case number 99CR1750 in the Boulder County District Court.
A defense motion for change of venue was granted and the case was transferred to the Mesa County
District Court.  Various state court documents submitted to the Court bear either or both state court case
numbers.

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On August 26, 2011, Respondents filed their Pre-Answer Response (Doc. #16).  On November 30, 2011, Mr. Lee filed a Reply (Doc. #21) to the Pre-Answer Response.

The Court must construe the second amended application and other documents filed by Mr. Lee liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Lee was convicted by a jury of second degree kidnapping, two counts of first degree sexual assault, and accessory to a crime.  He was sentenced to a total term of 116 years in prison.  The judgment of conviction was affirmed on direct appeal.  *See People v. Lee*, 93 P.3d 544 (Colo. App. 2003).  The Colorado Supreme Court initially granted Mr. Lee's petition for writ of certiorari on direct appeal, *see Lee v. People*, No. 04SC58, 2004 WL 1615236 (Colo. July 19, 2004), but subsequently denied the petition on February 1, 2005, as improvidently granted.  (*See* Doc. #16-9.)

On April 28, 2006, Mr. Lee filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See* Doc. #16-1 at 4.)  On January 25, 2008, the trial court entered its order denying relief under Rule 35(c).  (*See id*. at 3.)  The trial court's order denying the Rule 35(c) motion was affirmed on appeal. *See People v. Lee*, No. 08CA0464 (Colo. App. Aug. 5, 2010) (Doc. #16-14).  On March

14, 2011, the Colorado Supreme Court denied Mr. Lee's petition for writ of certiorari in

the state court postconviction proceedings.  (**See** Doc. #16-16.)

Mr. Lee filed the original habeas corpus application in the instant action on April

12, 2011.  In the second amended application, Mr. Lee asserts the following five claims

for relief:

1. The trial court erred in failing to suppress tape-recorded jail telephone calls obtained in violation of Mr. Lee's Fourth Amendment rights.

2. The trial court erred in denying Mr. Lee's motion to disqualify the prosecutor in violation of his rights to due process and a fair trial.

3. Mr. Lee was denied equal protection, and a prospective juror's constitutional right to serve as a juror also was violated, when the prospective juror was denied the opportunity to serve on the jury.

4. The trial court committed structural error by giving an improper jury instruction on reasonable doubt.

5. Trial counsel was ineffective in violation of Mr. Lee's Sixth Amendment rights.

Respondents first assert that the instant action is barred by the one-year

limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Lee's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Lee had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on February 1, 2005, but he did not do so. Therefore, the Court finds that Mr. Lee's conviction became final on May 2, 2005, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.

The Court also finds that the one-year limitation period began to run on May 2, 2005, because Mr. Lee does not allege that he was prevented by unconstitutional state

4

action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for each of his claims before his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether the one-year limitation period was tolled for any period of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*,

5

167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede that the state court proceedings relevant to Mr. Lee's Rule 35(c) motion tolled the one-year limitation period pursuant to § 2244(d)(2) from April 28, 2006, when the Rule 35(c) motion was filed, until March 14, 2011, when the Colorado Supreme Court denied Mr. Lee's petition for writ of certiorari in the state court postconviction proceedings.  However, because the Rule 35(c) motion was filed 361 days after the one-year limitation period began to run on May 2, 2005, only four days of the one-year limitation period remained when the state court postconviction proceedings concluded on March 14, 2011.  Mr. Lee's initial habeas corpus application in this action was filed on April 12, 2011, which was more than four days after March 14, 2011. Therefore, the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

Mr. Lee argues in his reply to the Pre-Answer Response that the instant action is not time-barred because he is entitled to equitable tolling of the one-year limitation period.  He primarily argues that equitable tolling is appropriate because his court-appointed attorney failed to pursue his claims.  He specifically contends that:

> [c]ounsel appointed to represent [Mr. Lee] on direct appeal as of right promised and assured [Mr. Lee] that he would handle the case and represent Mr. Lee in state and federal court after the direct appeal was over.  Mr. Lee relied on counsel's promises and waited for him to file the claims in state and federal court.  Having waited for approximately fourteen months and twenty-plus days, Mr. Lee was forced

6

> to hurriedly file a state postconviction application after
> another inmate informed him that he was on the verge of
> being time-barred under the one-year federal time limitation
> period.  After litigating his state postconviction application in
> the state courts, with the assistance of another inmate, Mr.
> Lee again mailed correspondence to direct appeal counsel
> requesting assistance.  After the time limitation period had
> passed, counsel responded by letter directing him to re-file
> an application for postconviction relief in the state court.

(Doc. #21 at 2.)  Mr. Lee also alleges in support of his equitable tolling argument that he

"was unable to timely file the federal habeas application because of prison lockdowns

when contraband was allegedly found by the p[eri]meter fence (dates unknown) and

when a cell phone [was] found in his unit."  (*Id.*)  Finally, Mr. Lee alleges in conclusory

fashion that he "is actually innocent of the charges, under the circumstances of his

case."  (*Id.* at 3.)

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally,

equitable tolling is appropriate if the petitioner shows both "that he has been pursuing

his rights diligently" and "that some extraordinary circumstance stood in his way" and

prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable

neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.

Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner

must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"

*Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the petitioner actually is innocent.

*See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim.  *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.  The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id*. at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Id.* at 324.

Mr. Lee fails to demonstrate that equitable tolling is appropriate based on direct appeal counsel's alleged failure to pursue state and federal postconviction relief.  It is true that the one-year limitation period is subject to equitable tolling when "serious instances of attorney misconduct" have occurred.  *Holland*, 130 S. Ct. at 2564; *see also Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (agreeing with other circuits in a case prior to *Holland* that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations

period.").  In **Holland**, the Supreme Court reasoned that equitable tolling may be

appropriate because counsel for Mr. Holland

> failed to file Holland's federal petition on time despite
> Holland's many letters that repeatedly emphasized the
> importance of his doing so.  [Counsel] apparently did not do
> the research necessary to find out the proper filing date,
> despite Holland's letters that went so far as to identify the
> applicable legal rules.  [Counsel] failed to inform Holland in a
> timely manner about the crucial fact that the Florida
> Supreme Court had decided his case, again despite
> Holland's many pleas for that information.  And [counsel]
> failed to communicate with his client over a period of years,
> despite various pleas from Holland that [counsel] respond to
> his letters.

**Holland**, 130 S. Ct. at 2564.  In **Fleming**, the petitioner's substantiated allegations that

he had been actively misled by counsel to believe a habeas petition had been prepared

and would be filed were sufficient to warrant an evidentiary hearing to consider whether

equitable tolling was appropriate.  **See id.** at 1256-57.  The petitioner in **Fleming**

specifically alleged that he hired counsel nearly one year before the expiration of the

filing deadline, he contacted counsel several times over the course of the year, counsel

repeatedly reassured him that a petition was being prepared and would be filed, and

counsel failed to file a draft petition the petitioner had submitted until after the time

limitation expired.  **See id.**

Mr. Lee fails to demonstrate that the failure of his direct appeal attorney to

pursue his claims in state or federal court postconviction proceedings was sufficiently

egregious.  Unlike the substantiated allegations in **Fleming**, Mr. Lee does not allege

that he continuously was misled to believe that counsel actually was preparing a state

postconviction motion or a federal habeas corpus application.  Furthermore, even

9

assuming counsel's promise to represent Mr. Lee in state and federal court after his direct appeal concluded was sufficiently egregious, Mr. Lee fails to demonstrate that he pursued his claims diligently.  Unlike the petitioners in both ***Holland*** and ***Fleming***, who repeatedly contacted counsel seeking action, Mr. Lee apparently waited for more than fourteen months for counsel to act and only filed a state postconviction motion after being advised by another inmate that the federal time limit was nearly expired.  Of course, the fact that Mr. Lee was unaware of the one-year limitation period is not sufficient to justify equitable tolling.  ***See Miller***, 141 F.3d at 978 (no equitable tolling based on petitioner's lack of knowledge of one-year limitation period).  Therefore, the Court rejects Mr. Lee's argument that he is entitled to equitable tolling based on a mere promise made by counsel on direct appeal to represent him in future state and federal postconviction proceedings.

The Court also finds that Mr. Lee fails to demonstrate equitable tolling is appropriate because of prison lockdowns.  First, it is not clear that prison lockdowns are an extraordinary circumstance that could justify equitable tolling.  ***See Dill v. Workman***, 288 F. App'x 454, 457 (10th Cir. 2008) (stating that a prison lockdown "does not qualify as extraordinary").  However, even assuming prison lockdowns could constitute an extraordinary circumstance in the context of equitable tolling, Mr. Lee fails to provide sufficient information regarding the frequency or duration of the alleged lockdowns to demonstrate that equitable tolling is appropriate.  ***See Rosales Sandoval v. Jones***, No. 11-5022, 2011 WL 2321451 at *2 (10th Cir. June 14, 2011) (unpublished) (finding that a vague reference to the prison being on lockdown without details regarding the date of the alleged lockdown or its length was not sufficient to justify equitable tolling).  In

addition, Mr. Lee fails to explain how the alleged lockdowns prevented him from filing a timely application.  ***See Parker v. Jones***, 260 F. App'x 81, 85 (10th Cir. 2008) (finding that the petitioner's vague allegations regarding being on lockdown and a lack of access to a law library and legal assistance do not justify equitable tolling).  Mr. Lee also fails to allege specific facts that demonstrate his efforts to pursue his claims diligently despite the prison lockdowns.  In the absence of specific allegations, the Court finds that Mr. Lee's allegations about prison lockdowns do not justify equitable tolling.  ***See Miller***, 141 F.3d at 978 (concluding that vague allegations regarding lack of access to legal research materials and diligence in pursuing federal claims are not sufficient to justify equitable tolling)

Finally, Mr. Lee's conclusory reference to actual innocence is not sufficient to justify equitable tolling.  Mr. Lee does not present any new reliable evidence that was not presented at trial that would demonstrate "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." ***Schlup***, 513 U.S. at 327.

For all of these reasons, the Court finds no basis for equitable tolling of the one-year limitation period.  As a result, the Court finds that this action is barred by the one-year limitation period.  Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments that some of Mr. Lee's claims are unexhausted and procedurally barred.  Accordingly, it is

ORDERED that the habeas corpus application (Doc. #1) the amended application (Doc. #8), and the second amended application (Doc. #11) are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. §

2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this _9th_ day of ___December___, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court